**Amy COX, Plaintiff-Appellant,**

v.

**LB LENDING, LLC, a Nevada limited liability company; Macoy Capital Partners, Inc., a California corporation, Defendants-Appellees.**

No. 17-56752

United States Court of Appeals, Ninth Circuit.

Submitted February 13, 2018 *

Filed February 22, 2018

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Tracy Timothy Woo, Attorney, Law Offices of Tracy T. Woo, Palm Springs, CA, Plaintiff-Appellant

Casey Z. Donoyan, Frandzel Robins Bloom & Csato, L.C., Los Angeles, CA, Ian Scott Landsberg, Esquire, Attorney, Landsberg Law, APC, Beverly Hills, CA, for Defendants-Appellees

Before: LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

MEMORANDUM **

Amy Cox appeals from the district court's order denying her motion for a preliminary injunction in her action alleging Truth in Lending Act and state law claims. We have jurisdiction under 28 U.S.C. § 1292(a)(1). We review for an abuse of discretion. *Am. Hotel & Lodging Ass'n v. City of Los Angeles*, 834 F.3d 958, 962 (9th Cir. 2016). We affirm.

The district court did not abuse its discretion by denying Cox's motion for a preliminary injunction because Cox failed to establish that she is likely to succeed on the merits. *See Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008) (setting forth factors for issuance of a preliminary injunction); *see also* 15 U.S.C. § 1603(1); 12 C.F.R. § 226.3(a)(1) (loans made for business or commercial purposes are exempt from the provisions of TILA); *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (where a plaintiff fails to show that she is likely to succeed on the merits, the court need not consider the remaining three *Winter* factors).

We reject as unsupported by the record Cox's contention that the district court

applied the heightened standard for a mandatory injunction.

We do not consider issues raised or evidence introduced for the first time on appeal. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).